[No. C058948. Third Dist. May 29, 2009.]

JEAN DENNIS, Plaintiff and Appellant, v.
SCOTT W. SOUTHARD et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I, II, IV, V, VI, and VII of the Discussion.

**COUNSEL**

Hardy Law Group, Ian E. Silverberg and Del Hardy for Plaintiff and Appellant.

Schuering Zimmerman Scully Tweedy & Doyle, Robert H. Zimmerman and J. Hawken Flanagan for Defendants and Respondents.

## OPINION

**ROBIE, J.**—In the published portion of this opinion involving a jury trial on medical battery, we hold that the two form instructions on medical battery found in CACI Nos. 530A and 530B correctly state the intent requirement for medical battery.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jean Dennis sued defendant Scott W. Southard (and his corporation of the same name) for medical malpractice and medical battery after she suffered complications following knee replacement surgery Dr. Southard performed on her right knee. Following the trial court's granting of Dr. Southard's motion for summary adjudication of the medical malpractice cause of action, the case went to trial on medical battery.

At trial, Dennis testified that in June 2004, Dr. Southard performed a successful left knee replacement surgery that she had conditioned on using a prosthesis other than one manufactured by Johnson & Johnson. Dr. Southard used a Biomed prosthesis, and the surgery was successful.

In October 2004, the hospital where Dr. Southard operated switched from using Biomed prostheses to Johnson & Johnson prostheses. That same month, Dr. Southard performed a right knee replacement surgery on Dennis using a Johnson & Johnson prosthesis. During the surgery, Dr. Southard inadvertently transected Dennis's medial collateral ligament.

The jury found for Dr. Southard.

Dennis appeals, contending the trial court erred in (1) granting summary adjudication of her medical malpractice cause of action; (2) failing to remove a juror for cause; (3) misinstructing the jury on the elements of medical battery; (4) excluding expert witness testimony on medical ethics; (5) excluding testimony and argument that transecting the ligament was "an item of damages related to the medical battery"; (6) denying her motion to amend the complaint; and (7) denying her motion for a directed verdict. Disagreeing with these contentions, we affirm the judgment.

### DISCUSSION

### I, II[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante*, page 540.

## III

*The Court Did Not Err in Its Instruction on Medical Battery*

There are two form instructions for medical battery: (1) CACI No. 530A, which is to be used when it is alleged the defendant performed a medical procedure without the plaintiff's consent;[1] and (2) CACI No. 530B, which is to be used when a plaintiff gave conditional consent to a medical procedure and when it is alleged that the defendant proceeded without the condition having been satisfied.[2]

Here, the court instructed pursuant to CACI No. 530B instead of CACI No. 530A, over Dennis's objection.[3] On appeal, Dennis contends this was

---

[1] CACI No. 530A reads as follows:

"[Name of plaintiff] claims that [name of defendant] committed a medical battery. To establish this claim, [name of plaintiff] must prove all of the following:

"1. [That [name of defendant] performed a medical procedure without [name of plaintiff]'s consent; [or]]

"[That [name of plaintiff] consented to one medical procedure, but [name of defendant] performed a substantially different medical procedure;]

"2. That [name of plaintiff] was harmed; and

"3. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

"A patient can consent to a medical procedure by words or conduct."

[2] CACI No. 530B reads as follows:

"[Name of plaintiff] claims that [name of defendant] committed a medical battery. To establish this claim, [name of plaintiff] must prove all of the following:

"1. That [name of plaintiff] consented to a medical procedure, but only on the condition that [describe what had to occur before consent would be given];

"2. That [name of defendant] proceeded without this condition having occurred;

"3. That [name of defendant] intended to perform the procedure with knowledge that the condition had not occurred;

"4. That [name of plaintiff] was harmed; and

"5. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

"A patient can consent to a medical procedure by words or conduct."

[3] The version of CACI No. 530B given by the court reads as follows:

"Jean Dennis claims that Scott W. Southard, M.D., committed a medical battery. To establish this claim, Jean Dennis must prove the following:

"[One,] [t]hat Jean Dennis gave informed consent to a medical procedure, but only on the condition that he not use a Johnson & Johnson knee replacement, and Scott W. Southard, M.D., proceeded without this condition having occurred.

"Two, that Scott W. Southard, M.D., intended to perform the procedure with knowledge that the condition had not occurred.

"Three, that Jean Dennis was harmed.

"And, four, that Scott W. Southard, M.D.'s, conduct was a substantial factor in causing Jean Dennis' harm.

"A patient can consent to a medical procedure by words or conduct."

error, alleging the intent element "add[ed]" in CACI No. 530B is "misleading at best and incorrect at worst." She is mistaken.

■ The intent requirement in CACI No. 530B is correct. It requires "inten[t] to perform the procedure with knowledge that the condition had not occurred." (CACI No. 530B.) Inclusion of intent and knowledge as elements of medical battery is consistent with well-established principles of civil battery. (See, e.g., *Piedra v. Dugan* (2004) 123 Cal.App.4th 1483, 1498 [21 Cal.Rptr.3d 36] [nonsuit for medical battery cause of action proper where the defendant "could not have *intentionally* deviated from the scope of the consent because he was unaware of any condition on that consent"].) Thus, while Dennis is correct that the intent does not need to be malicious, or need to be an intent to inflict actual damage, she is wrong in arguing that the only intent required is intent to perform the procedure.

■ Moreover, the reason why CACI No. 530B has an explicit intent and knowledge requirement and CACI No. 530A does not is clear. The law presumes that "[w]hen the patient gives permission to perform one type of treatment and the doctor performs another, the requisite element of deliberate intent to deviate from the consent given is present." (*Piedra v. Dugan, supra,* 123 Cal.App.4th at p. 1496.) That situation is covered by CACI No. 530A. On the other hand, in a case involving conditional consent, the requisite element of deliberate intent to deviate from the consent given cannot be presumed simply from the act itself. This is because if the intent element is not explicitly stated in the instruction, it would be possible for a jury (incorrectly) to find a doctor liable for medical battery even if it believed the doctor negligently forgot about the condition precedent.

As such, the court did not err in instructing the jury pursuant to CACI No. 530B regarding conditional consent with its explicit intent and knowledge requirement.

IV–VII*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 540.

## DISPOSITION

The judgment is affirmed. Dr. Southard is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Sims, Acting P. J., and Butz, J., concurred.